**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

Docket Number(s): __15-3014__   Caption [use short title]

Motion for: __Motion to Join Petition for Writ of Mandamus filed__

__by the Japanese Bank Defendants (see attached__   In re:  Mizuho Corporate Bank Ltd.,

__list of Defendants-Petitioners)__   Petitioners

Set forth below precise, complete statement of relief sought:

__Deutsche Bank AG seeks to join in the Petition for__

__Writ of Mandamus (Dkt. 15-3014) and the requests for__

__relief set forth therein, including the granting of the Petition,__

__issuance of the writ, and vacation of the District__

__Court's order finding that Deutsche Bank AG__

__waived its personal jurisdiction defenses.__

MOVING PARTY: __Deutsche Bank AG__   OPPOSING PARTY: __See attached list of Defendants-Petitioners__

☐ Plaintiff   ☑ Defendant
☐ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: __Andrew C. Finch__   OPPOSING ATTORNEY: __See attached list of counsel__

[name of attorney, with firm, address, phone number and e-mail]

__Paul, Weiss, Rifkind, Wharton & Garrison LLP__

__1285 Avenue of the Americas, New York, NY  10019-6064__

__212-373-3000, afinch@paulweiss.com__

Court-Judge/Agency appealed from: __Hon. George B. Daniels (Southern District of New York)__

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this Court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:_____

_____

_____

_____

Is oral argument on motion requested?   ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Andrew C. Finch   Date: 09-29-2015   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

### Addendum to Motion Information Statement

**Docket Number(s):** 15-3014                     **Caption**

**Motion for:** Motion to Join Petition for        In re: Mizuho Corporate Bank Ltd.,
Writ of Mandamus filed by the Japanese                                    Petitioners
Bank Defendants

**OPPOSING PARTY:** Defendants-Petitioners Mizuho Corporate Bank, Ltd., The Bank of
Yokohama, Ltd., The Shoku Chukin Bank, Ltd., Shinkin Central Bank, Sumitomo Mitsui Trust
Bank, Ltd., Sumitomo Mitsui Banking Corporation, The Norinchukin Bank, The Bank of Tokyo-
Mitsubishi UFJ, Ltd., and Mitsubishi UFJ Trust and Banking Corporation (collectively, the
"Japanese Bank Defendants")

**OPPOSING ATTORNEY:** See counsel list below.

Jerome S. Fortinsky
John A. Nathanson
Jeffrey J. Resetarits
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-4000
jfortinsky@shearman.com
john.nathanson@shearman.com
jeffrey.resetarits@shearman.com

*Attorneys for Defendant-Petitioner Mizuho Corporate Bank, Ltd.*

Gary W. Kubek
Erica Weisgerber
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000
gwkubek@debevoise.com
eweisgerber@debevoise.com

*Attorneys for Defendant-Petitioner The Bank of Yokohama, Ltd.*

Robert C. Mason
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000
robert.mason@aporter.com

James W. Thomas, Jr.
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004
(202) 942-5000
james.thomas@aporter.com

*Attorneys for Defendant-Petitioner The Shoko Chukin Bank, Ltd.*

Andrew C. Smith
Andrew J. Kim
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036
(212) 858-1000
andrew.smith@pillsburylaw.com
andrew.kim@pillsburylaw.com

*Attorneys for Defendant-Petitioner Shinkin Central Bank*

Dale C. Christensen, Jr.
Michael B. Weitman
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004
(212) 574-1200
christensen@sewkis.com
weitman@sewkis.com

*Attorneys for Defendant-Petitioner*
*Sumitomo Mitsui Trust Bank, Ltd.*

Jon R. Roellke
MORGAN, LEWIS & BOCKIUS LLP
2020 K Street, NW
Washington, DC 20006
(202) 373-6000
jon.roellke@morganlewis.com

Michael L. Spafford
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC 20005
(202) 551-1700
michaelspafford@paulhastings.com

*Attorneys for Defendant-Petitioner*

*Sumitomo Mitsui Banking Corporation*

Andrew W. Stern
Alan M. Unger
Tom A. Paskowitz
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
astern@sidley.com
aunger@sidley.com
tpaskowitz@sidley.com

*Attorneys for Defendant-Petitioner The Norinchukin Bank*

Daryl A. Libow
Christopher M. Viapiano
SULLIVAN & CROMWELL LLP
1700 New York Avenue, NW, Suite 700
Washington, DC 20006
(202) 956-7500
libowd@sullcrom.com
viapianoc@sullcrom.com

*Attorneys for Defendants-Petitioners The Bank of Tokyo-Mitsubishi UFJ, Ltd. and Mitsubishi UFJ Trust and Banking Corporation*

# 15-3014

IN THE

# United States Court of Appeals

### FOR THE SECOND CIRCUIT

⟶ ⟵

IN RE: MIZUHO CORPORATE BANK, LTD.,

*Petitioners.*

_____

ON MANDAMUS FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
THE HONORABLE GEORGE B. DANIELS
CASE NO. 1:12-CV-03419-GBD-HBP

**DEFENDANT-MOVANT DEUTSCHE BANK AG'S
MOTION TO JOIN PETITION FOR WRIT OF MANDAMUS**

Moses Silverman
Andrew C. Finch
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

*Attorneys for Defendant-Movant Deutsche Bank AG*

## CORPORATE DISCLOSURE STATEMENT

Defendant-Movant Deutsche Bank AG, a publicly held corporation organized under the laws of Germany, has no parent corporation.  No publicly held corporation owns 10 percent or more of Deutsche Bank AG's stock.

# TABLE OF CONTENTS

**Page**

STANDARD OF REVIEW ......................................................................2

ARGUMENT ........................................................................................3

CONCLUSION ....................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*7 W. 57th St. Realty Co., LLC* v. *Citigroup, Inc.*,
  No. 13 Civ. 981, 2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015)............................ 8

*In re Cameron Int'l Corp.*,
  393 Fed. App'x 133 (5th Cir. 2010)....................................................................1

*Cheney* v. *U.S. Dist. Court for the Dist. of Columbia*,
  542 U.S. 367 (2004)............................................................................................2

*Daimler AG* v. *Bauman*,
  134 S. Ct. 746 (2014)......................................................................................3, 5, 6

*Galope* v. *Deutsche Bank Nat'l Trust Co.*,
  No. SACV 12-00323-CJC(RNBx),
  2014 WL 8662645 (C.D. Cal. Nov. 14, 2014) ...................................................8

*Gucci Am., Inc.* v. *Weixing Li*,
  768 F.3d 122 (2d Cir. 2014) ...............................................................................5

*In re Hellas Telecommunications (Luxembourg) II SCA*,
  524 B.R. 488 (Bankr. S.D.N.Y. 2015)................................................................6

*Laydon* v. *Mizuho Bank, Ltd.*,
  No. 12-cv-3419, 2015 WL 1515358 (S.D.N.Y. Mar. 31, 2015) .........................7

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  No. 11 MDL 2262, 2015 WL 4634541 (S.D.N.Y. Aug. 4, 2015)................5, 6, 8

*Razor USA LLC* v. *ASA Prods., Inc.*,
  Nos. 01-1080, 636, 637, 638,
  2000 WL 1819400 (Fed. Cir. Nov. 22, 2000) .....................................................1

*Walden* v. *Fiore*,
  134 S. Ct. 1115 (2014).........................................................................................7

**STATUTES AND RULES**

28 U.S.C. § 1292(b) .................................................................................................4

Fed. R. App. P. 47(b) ...............................................................................1

Defendant-Movant Deutsche Bank Aktiengesellshaft ("Deutsche Bank AG") respectfully submits this motion to join the Petition for Writ of Mandamus (the "Petition") filed by Defendants-Petitioners Mizuho Corporate Bank, Ltd., The Bank of Yokohama, Ltd., The Shoku Chukin Bank, Ltd., Shinkin Central Bank, Sumitomo Mitsui Trust Bank, Ltd., Sumitomo Mitsui Banking Corporation, The Norinchukin Bank, The Bank of Tokyo-Mitsubishi UFJ, Ltd., and Mitsubishi UFJ Trust and Banking Corporation (collectively, the "Japanese Bank Defendants").

By this motion, Deutsche Bank AG seeks to join in, adopt, and incorporate by reference herein the arguments, authorities, and requests for relief set forth in the Japanese Bank Defendants' Petition.  *See In re Cameron Int'l Corp.*, 393 Fed. App'x 133, 134 n.1, 136 (5th Cir. 2010) (granting motion to join mandamus petition); *Razor USA LLC* v. *ASA Prods., Inc.*, Nos. 01-1080, 636, 637, 638, 2000 WL 1819400, at *2 (Fed. Cir. Nov. 22, 2000) (granting parties' motion to join arguments made by mandamus petitioner); *see also* Fed. R. App. P. 47(b) (permitting a court of appeals to regulate practice in a particular case in any manner consistent with federal law, the Federal Rules of Appellate Procedure, or the local rules of the Circuit).  In filing this motion to join the Japanese Bank Defendants' Petition—rather than filing its own petition for writ of mandamus— Deutsche Bank AG seeks to conserve judicial resources and streamline procedure

1

by avoiding the filing of a separate, needlessly duplicative mandamus petition that would recount all of the same facts and procedural history, make virtually all of the same arguments, and cite the same authorities as the Japanese Bank Defendants' Petition. Accordingly, Deutsche Bank AG briefly addresses in this motion a very small number of issues specific to it—namely, its meritorious personal jurisdiction defenses—which the District Court likely will accept should this Court grant the Petition and issue a writ of mandamus.

## STANDARD OF REVIEW

As addressed in detail in the Japanese Bank Defendants' Petition, courts will issue a writ of mandamus in "exceptional circumstances amounting to a judicial 'usurpation of power'…or a 'clear abuse of discretion.'" *Cheney* v. *U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380 (2004). The writ will issue if: (i) the petitioner demonstrates that the "right to issuance of the writ is clear and indisputable," (ii) "the party seeking issuance of the writ [has] no other adequate means to attain the relief he desires," and (iii) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 380–81. For the reasons below, and those set forth in the Japanese Bank Defendants' Petition, Deutsche Bank AG meets this standard.

2

## ARGUMENT

This proceeding is from an erroneous ruling of the District Court, which held that Deutsche Bank AG and the Japanese Bank Defendants waived their rights to assert personal jurisdiction defenses in the underlying action. Specifically, the District Court found that defendants waived these defenses because they did not raise them more promptly after the Supreme Court's decision in *Daimler AG* v. *Bauman*, 134 S. Ct. 746 (2014), which fundamentally changed established precedent regarding general personal jurisdiction.

In so holding, the District Court disregarded controlling case law regarding jurisdictional waiver, which courts find only in limited circumstances when a defendant's delay prejudices plaintiff, gives the defendant a strategic advantage, or contributes to a waste of judicial resources. (*See* Petition at 11 & n.16.) As the Petition makes clear, no such circumstances are present here. (*See id.* at 11–16.) Deutsche Bank AG and the Japanese Bank Defendants filed their motions to dismiss for lack of personal jurisdiction on precisely the date set by the Court for the filing of any such motions, and briefing on those motions proceeded under the same schedule as the motions to dismiss filed by the defendants who purportedly preserved such defenses (the "Stipulating Defendants"). Moreover, the defenses were not available to defendants at the time they made their original 12(b)(6) motions, which was prior to the Supreme Court's decision in *Daimler*

3

(and would have been directly contrary to longstanding and controlling case law). For these reasons and others cited in the Petition, defendants' supposed delay in asserting their personal jurisdiction defenses did not cause any prejudice to Plaintiff, provide defendants with any strategic advantage, or waste any judicial resources. Thus, by disregarding controlling case law, the District Court's finding of waiver was clear error and an abuse of discretion, and Deutsche Bank AG's entitlement to the writ is clear and indisputable.[1]

Moreover, absent a writ of mandamus, Deutsche Bank AG has no adequate means to obtain the relief it seeks: reversal of the District Court's erroneous finding of waiver and consideration of Deutsche Bank AG's meritorious personal jurisdiction defenses.[2] Indeed, without this Court's intervention, Deutsche Bank AG will continue to suffer the substantial prejudice of having to litigate a case—spending unnecessary time, money, and resources in the process—

---

[1] Issuance of the writ is also appropriate under the circumstances. As discussed herein and in the Japanese Bank Defendants' Petition, if not for the District Court's erroneous finding of waiver, Deutsche Bank AG likely would be dismissed from this action because the Court does not have personal jurisdiction as to it. Thus, the Petition presents an opportunity for this Court to correct a serious error of the District Court. In addition, by allowing Deutsche Bank AG's meritorious defenses to be heard now, rather than at the conclusion of this litigation, after years of motion practice and discovery, issuance of the writ will promote efficiency and aid in the administration of justice.

[2] The District Court has already denied the motions for reconsideration or, in the alternative, an interlocutory appeal under 28 U.S.C. § 1292(b) filed by Deutsche Bank AG and the Japanese Bank Defendants. Absent mandamus, defendants' only remedy is an appeal at the conclusion of the litigation. (*See* Petition at 19–21.)

in which the District Court does not have personal jurisdiction as to it, for two reasons.

*First*, the District Court does not have general jurisdiction over Deutsche Bank AG. Although Plaintiff has argued otherwise below, such an argument is contrary to controlling case law and to a recent District Court decision in another case against Deutsche Bank AG involving alleged manipulation of interest rate benchmarks that occurred outside of the United States. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.* ("*LIBOR IV*"), No. 11 MDL 2262, 2015 WL 4634541 (S.D.N.Y. Aug. 4, 2015).

Under *Daimler*, absent rare and exceptional circumstances, a corporation is subject to general jurisdiction in its state of incorporation or the state where it has its principal place of business. *Daimler*, 131 S. Ct. at 761. Plaintiff here has conceded that Deutsche Bank AG is incorporated in and has its principal place of business in Germany, not New York. (Second Am. Compl. ¶ 66.)

A court may otherwise "assert jurisdiction over a foreign corporation 'to hear any and all claims against [it] only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 751 (quoting *Goodyear Dunlop Tires Operations, S.A.* v. *Brown*, 131 S. Ct. 2846, 2851 (2011) (alterations in original)); *see also Gucci Am., Inc.* v. *Weixing Li*, 768 F.3d 122, 135

(2d Cir. 2014) (declining to exercise personal jurisdiction over bank with branch office in forum, but incorporated and headquartered elsewhere, where bank's contacts were not "'so continuous and systematic as to render [it] essentially at home in the forum'").  The mere fact that a company may have an office in the forum state or conduct business there—as Deutsche Bank AG does in New York— is not sufficient to meet this standard.  To the contrary, in *LIBOR IV*, 2015 WL 4634541, at *21, Judge Buchwald recently concluded "without hesitation," and notwithstanding Deutsche Bank AG's operations in New York, that Deutsche Bank AG was not "at home" in New York and therefore not subject to general jurisdiction.[3]  Thus, Plaintiff's general jurisdiction argument likely will be rejected by the District Court should this Court grant mandamus.

     *Second*, the District Court will not be able to exercise specific jurisdiction over Deutsche Bank AG.  The misconduct alleged against Deutsche Bank AG concerns the bank's submissions to benchmarks that are set in Japan and the United Kingdom and that are determined through submissions to foreign

---

[3] To the extent Plaintiff seeks to rely on *In re Hellas Telecommunications (Luxembourg) II SCA*, 524 B.R. 488 (Bankr. S.D.N.Y. 2015), to assert that general jurisdiction exists in New York over Deutsche Bank AG, Deutsche Bank AG respectfully submits that *Hellas* is an outlier and was incorrectly decided.  (*See*, *supra*, pp. 5–6 (discussing *Daimler*, *Gucci*, and *LIBOR IV*).)  In *Hellas*, the bankruptcy court held that Deutsche Bank AG's U.S. assets and operations were sufficiently "substantial" and "long-term" to render it "at home" and subject to general jurisdiction in the forum.  *Id.* at 507–08.  But as Judge Buchwald correctly held in *LIBOR IV*, "we cannot agree with the bankruptcy court's conclusion that even *very substantial* corporate operations (regardless of whether measured in money, personnel, space, or time) in a given forum suffice to make a defendant at home in the forum."  2015 WL 4634541, at *21 n.43 (emphasis added) (citing *Daimler*, 134 S. Ct. at 762 n.20).

banking associations. Plaintiff does not allege that any Deutsche Bank AG employee engaged in any alleged misconduct in New York or that anyone involved in the purported misconduct worked in New York or otherwise had any connection whatsoever to New York. The absence of any such allegations is fatal to any attempt by Plaintiff to assert specific jurisdiction over Deutsche Bank AG. *See Walden* v. *Fiore*, 134 S. Ct. 1115, 1121–22 & 1121 n.6 (2014) ("defendant's suit-related conduct must create a substantial connection with the forum State").[4]

Significantly, the District Court agreed with this assessment in its decision granting the Stipulating Defendants' motions to dismiss for lack of personal jurisdiction, rejecting substantively similar specific jurisdiction allegations Plaintiff leveled against the Stipulating Defendants. *Laydon* v. *Mizuho Bank, Ltd.*, No. 12-cv-3419, 2015 WL 1515358, at *2–6 (S.D.N.Y. Mar. 31, 2015). Similarly, several other courts in the Southern District of New York and elsewhere have dismissed suits alleging interest rate benchmark manipulation against foreign defendants, including Deutsche Bank AG, because of the absence of suit-related

---

[4] Nothing in Deutsche Bank AG's Consent Order with the New York State Department of Financial Services ("DFS") is inconsistent with this conclusion or provides a basis for specific jurisdiction. Deutsche Bank AG did not admit in the Consent Order that conduct related to the Euroyen Tokyo Interbank Offered Rate ("TIBOR") or the Yen London Interbank Offered Rate ("Yen LIBOR") occurred in New York. Instead, the relevant portion of the DFS Consent Order refers to Deutsche Bank AG and its New York Branch "collectively," and does not indicate that TIBOR-related or Yen LIBOR–related conduct in particular occurred in New York. *See* DB DFS Consent Order at 1 (Apr. 23, 2015), *available at* http://www.dfs.ny.gov/about/ea/ea150423.pdf.

conduct in the forum. *See LIBOR IV*, 2015 WL 4634541, at *21–27 (USD LIBOR); *7 W. 57th St. Realty Co., LLC* v. *Citigroup, Inc.*, No. 13 Civ. 981, 2015 WL 1514539, at *10–11 (S.D.N.Y. Mar. 31, 2015) (USD LIBOR); *Galope* v. *Deutsche Bank Nat'l Trust Co.*, No. SACV 12-00323-CJC(RNBx), 2014 WL 8662645, at *3–4 (C.D. Cal. Nov. 14, 2014) (USD LIBOR).[5] Accordingly, if this Court grants the Petition and issues a writ of mandamus, the District Court likely will reject Plaintiff's specific jurisdiction arguments against Deutsche Bank AG.

## <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in the Japanese Bank Defendants' Petition, Deutsche Bank AG respectfully requests that this Court grant its motion to join the Japanese Bank Defendants' Petition, issue a writ of mandamus, and vacate the District Court's order finding that Deutsche Bank AG waived its personal jurisdiction defenses.

---

[5] An appeal from the dismissal of plaintiff's claims against Deutsche Bank AG, including the district court's ruling with respect to personal jurisdiction, is currently before the Ninth Circuit in *Galope* v. *Deutsche Bank Nat'l Trust Co.*, No. 15-55246.

Dated: September 29, 2015

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:   /s/ Andrew C. Finch
      Moses Silverman
      Andrew C. Finch
      1285 Avenue of the Americas
      New York, NY  10019-6064
      (212) 373-3000
      msilverman@paulweiss.com
      afinch@paulweiss.com

*Attorneys for Defendant-Movant Deutsche Bank AG*